

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DON POOLE** | **CIVIL ACTION** |
| versus | **NO. 02-2697** |
| **BURL CAIN, WARDEN** | **SECTION: "C" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

APR - 8 2003

DATE OF MAILING _____

DATE OF ENTRY
APR - 8 2003

Petitioner, Don Poole, is a state court prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On June 18, 1996, petitioner was convicted of two counts of distribution of cocaine in violation of La.Rev.Stat.Ann § 40:967.[2] On June 24, 1996, petitioner was sentenced on each count to a term of ten years imprisonment, with credit for time served and with the sentences to run concurrently.[3] On March 4, 1997, after being found to be a multiple offender, petitioner was resentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence; however, the trial court failed to specify the count on which petitioner was being resentenced.[4] On April 9, 1998, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction, vacated the sentence because of the sentencing error, and remanded the matter for resentencing.[5]

On April 15, 1999, the state district court resentenced petitioner on count one to a term of life imprisonment without the benefit of parole, probation, or suspension of sentence, and the court ordered that the sentence run concurrently with the ten-year sentence on count two.[6] On that same date, counsel for petitioner made an oral motion to reconsider sentence which was denied.[7]

---

[2] State Rec., Vol. II of III, transcript of June 18, 1996, p. 118; State Rec., Vol. I of III, minute entry dated June 18, 1996; State Rec., Vol. I of III, jury verdict forms.

[3] State Rec., Vol. II of III, transcript of June 24, 1996, p. 3; State Rec., Vol. I of III, minute entry dated June 24, 1996.

[4] State Rec., Vol. II of III, transcript of March 4, 1997, p. 15; State Rec., Vol. I of III, minute entry dated March 4, 1997.

[5] State v. Poole, No. 97-KA-637 (La. App. 5th Cir. April 9, 1998) (unpublished); State Rec., Vol. I of III.

[6] State Rec., Vol. I of III, minute entry dated April 15, 1999.

[7] State Rec., Vol. I of III, minute entry dated April 15, 1999.

On April 28, 1999, petitioner filed a written motion to reconsider sentence, arguing that the sentence was excessive.[8] On May 6, 1999, the trial court denied the motion to reconsider.[9] On May 25, 1999, petitioner filed with the state district court a notice of intent to appeal[10] which was denied as untimely on June 21, 1999.[11] On July 19, 1999, petitioner filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on July 20, 1999.[12] Petitioner did not seek review of that judgment.

On June 2, 2000, petitioner filed with the state district court an application for post-conviction relief containing nine claims.[13] The state district court denied eight of the claims on September 25, 2000,[14] and denied the remaining claim on May 17, 2001.[15] Petitioner filed with the Louisiana Fifth Circuit Court of Appeal an application for a writ of review which was denied on June

---

[8] State Rec., Vol. I of III.

[9] State Rec., Vol. I of III.

[10] State Rec., Vol. I of III.

[11] State Rec., Vol. I of III.

[12] State v. Poole, No. 99-KH-805 (La. App. 5th Cir. July 20, 1999) (unpublished); State Rec. Vol. I of III.

[13] State Rec., Vol. I of III.

[14] State Rec., Vol. I of III.

[15] State Rec., Vol. I of III.

22, 2001.[16] Petitioner then filed with the Louisiana Supreme Court an application for supervisory and/or remedial writs which was denied on April 26, 2002.[17]

On July 8, 2002, petitioner filed his federal application for *habeas corpus* relief.[18] In support of his application, petitioner claims:

1. There was insufficient evidence to support petitioner's conviction;

2. Petitioner was improperly found to be a multiple offender because there was no showing that the guilty pleas in the predicate convictions met constitutional requirements;

3. The trial court allowed the introduction of improper evidence during the multiple offender proceedings;

4. The prosecution failed to meet its burden of proof in the multiple offender proceedings;

5. The court records were insufficient to show that petitioner's guilty plea in the multiple offender proceedings was properly obtained;

6. Petitioner was not under oath when he pled guilty in the multiple offender proceedings;

7. Petitioner was not advised that he could remain silent at the multiple offender proceedings;

---

[16] State v. Poole, No. 01-KH-646 (La. App. 5th Cir. June 22, 2001) (unpublished); State Rec., Vol. I of III.

[17] State *ex rel.* Poole v. State, 814 So.2d 553 (La. 2002) (No. 2001-KH-2191); State Rec., Vol. III of III.

[18] Rec. Doc. 1.

8. Petitioner's sentence was excessive; and

9. Petitioner received ineffective assistance of counsel.

The state argues that petitioner's application is untimely.[19]  Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final.[20]  The AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  "[A] properly filed application is one submitted according to the state's

---

[19] Rec. Doc. 5, pp. 7-10.

[20] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

procedural requirements, such as the rules governing notice and the time and place of filing." Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999) (quotation marks omitted); Williams v. Cain, 217 F.3d 303 (5th Cir. 2000).

In the instance case, petitioner was resentenced on April 15, 1999. On that same date, petitioner's counsel made an oral motion to reconsider sentence which was denied. On April 28, 1999, petitioner filed a written motion to reconsider sentence. Because petitioner had thirty days to file a motion to reconsider sentence,[21] and because his motion was filed with thirteen days of resentencing, his written motion to reconsider was timely filed. When that motion was denied on May 6, 1999, petitioner had five days in which to file a notice of appeal. La.C.Cr.P. art. 914(B)(2).[22] Therefore, on May 13, 1999, petitioner's period for seeking *direct review* of the state court judgment expired and the judgment became final.[23] State v. Counterman, 475 So.2d 336, 338 (La. 1985).

---

[21] La.C.Cr.P. art. 881.1(A). As noted, petitioner's counsel had already made an unsuccessful oral motion to reconsider sentence on April 15, 1999. It is unclear whether a second or successive motion filed pursuant to La.C.Cr.P. art. 881.1 is allowed. For the purpose of this opinion, however, the Court will assume that a defendant is not limited to filing only one such motion.

[22] La.C.Cr.P. art. 914(B)(2) provides: "The motion for an appeal must be made no later than ... Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed."

[23] Pursuant to Louisiana law, the five-day period a defendant has to notice his intent to appeal does not include legal holidays and half-holidays. See La.C.Cr.P. art. 13. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 1999, May 8 was a Saturday and May 9 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date the judgment became final.

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the AEDPA's statute of limitations began running on that date.[24]

Eleven (11) days of the one-year statute of limitations elapsed prior to the first filing which could arguably have tolled the running of that period.[25] On May 25, 1999, petitioner filed his untimely notice of appeal with the state district court. The state apparently takes the position that the notice of appeal should have no effect on the state of limitations;[26] however, that position is not unassailable. The Louisiana Supreme Court has noted that a motion for an out-of-time appeal should be treated as an application for post-conviction relief. Counterman, 475 So.2d at 340. Moreover, the Louisiana Supreme Court has held that *pro se* filings are to be construed liberally, and that a post-conviction filing seeking an out-of-time appeal should be construed as such regardless of how

---

[24] As noted, 28 U.S.C. § 2254(d)(1)(A) provides that the statute of limitations commences running on "the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking *such review*." (Emphasis added.)
In its response, the state takes the position that the statute of limitations began to run on June 6, 1999, thirty days after the denial of the motion to reconsider sentence. Rec. Doc. 5, p. 9. The state's position is apparently based on the thirty-day period provided in Rule 4-3 of the Louisiana Uniform Rules of the Courts of Appeal. That thirty-day period, however, applies to the filing of an application for a discretionary writ, not when, as here, a direct criminal appeal is the proper vehicle for review of the judgment.

[25] During this period, it appears that petitioner had pending a motion for production of his sentencing transcript. That motion was denied on May 14, 1999, and a related writ application was denied by the Louisiana Fifth Circuit Court of Appeal on October 8, 1999. State v. Poole, No. 99-KH-1111 (La. App. 5th Cir. Oct. 8, 1999); State Rec., Vol. I of III. However, applications requesting production of documents have no bearing on the timeliness of a petitioner's federal application. Such applications cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of the petitioner's conviction or sentence. Boyd v. Ward, Civil Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001).

[26] The state's response does not mention that filing when calculating the running of the statute of limitations. See Rec. Doc. 5, p. 9.

it is captioned. State *ex rel.* Egana v. State, 771 So.2d 638 (La. 2000). Therefore, arguably, petitioner's untimely notice of appeal could be treated as a post-conviction application entitling petitioner to tolling of the AEDPA's statute of limitations.

Out of an abundance of caution, this Court will treat petitioner's untimely notice of appeal as a state post-conviction application entitling him to tolling pursuant to 28 U.S.C. 2244(d)(2). Accordingly, the statute of limitations was tolled beginning May 25, 1999, the date on which the "notice of appeal" was filed. After the state district court denied the application on June 21, 1999, petitioner filed a writ application in the Louisiana Fifth Circuit Court of Appeal on July 19, 1999.[27] If petitioner is given the benefit of every doubt and it is assumed that the writ application was timely because it was filed within thirty days of the denial on June 21, 1999,[28] the "post-conviction application" remained pending from May 25, 1999, the date it was filed with the state district court, until August 19, 1999, the date on which petitioner's period for seeking review of the

---

[27] That writ application is not included in the state record filed with this Court.

[28] A litigant has thirty days from judgment to file a writ application with an intermediate appellate court in Louisiana. Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001); Louisiana Uniform Rules of the Courts of Appeal Rule 4-3. Because petitioner's writ application can be considered timely only if the thirty-day period ran from the June 21 denial, and because petitioner's federal application is untimely regardless, the Court, out of an abundance of caution, will assume that the thirty-day period ran from that June 21 denial.

intermediate appellate court's writ denial expired.[29] Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001).

Once the statute of limitations resumed running at that point, an additional two hundred eighty-seven (287) days of the one-year period expired prior to June 2, 2000, the date of the next filing that entitled petitioner to further tolling. On June 2, 2000, petitioner filed with the state district court an application for post-conviction relief. Assuming that the related appellate court filings were timely,[30] tolling continued until April 26, 2002, the date on which the Louisiana Supreme Court issued its writ denial.[31]

---

[29] The Rules of the Louisiana Supreme Court provide in pertinent part:

> An application seeking to review a judgment of the court of appeal ... after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.

Louisiana Supreme Court Rule X, § 5(a). Notice of the intermediate appellate court's judgment in case number 99-KH-805 was mailed to petitioner on July 20, 1999. See Rec. Doc. 9.

[30] The state does not argue that the related appellate court filings were untimely.

[31] Although the United States Fifth Circuit Court of Appeals has not directly addressed the issue of when the Louisiana Supreme Court's denial of an application for state post-conviction relief is considered "final" for the purpose of calculating a tolling period in a federal *habeas corpus* proceeding, it appears that the general practice is to consider a writ denial final as of the date of the denial. See Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001) (tolling period ended on February 5, 1999, the date of the writ denial); Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 2000) (post-conviction application ceased to be pending on November 22, 1996, the date of the writ denial); Chester v. Cain, Civil Action No. 01-1958, 2001 WL 1231660, at *4 (E.D. La. Oct. 15, 2001) (tolling period ended on January 12, 2001, the date of the writ denial); Walker v. Cain, Civil Action No. 01-1338, 2001 WL 1005943, at *2 (E.D. La. Aug. 30, 2001) (tolling period ended on October 27, 2000, the date of the writ denial). This would appear to comport with the rules of the Louisiana Supreme Court which, while generally allowing fourteen days for filing for a rehearing, indicate that a rehearing application "will not be considered when the court has merely granted or denied an application for

At that point, a total of two hundred ninety-eight (298) days of petitioner's one-year period had expired, leaving him only sixty-seven (67) days, i.e. until July 2, 2002, to file his federal application for *habeas corpus* relief. Petitioner, however, did not file his federal application until July 8, 2002,[32] which was six (6) days after the statute of limitations expired.

The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).

---

a writ of certiorari or a remedial or other supervisory writ." La. Sup. Ct. Rules, Rule IX, §§ 1, 6.

This Court further notes that petitioner's state post-conviction application cannot be considered "pending" for tolling purposes during the period within which petitioner could have sought a writ of certiorari from the United States Supreme Court. "[U]nlike § 2244(d)(1)(A), which takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review, § 2244(d)(2) contains no such provision. Rather, § 2244(d)(2) only tolls the period for a properly filed petition for 'State post-conviction or other collateral review.' ... [A] petition for a writ of certiorari to the Supreme Court is not an application for 'State' review that would toll the limitations period." Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

[32] Petitioner signed his application for federal *habeas corpus* relief on July 8, 2002. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

The Court notes that petitioner's application was deficient when originally filed, because he submitted neither the filing fee nor an application to proceed *in forma pauperis* as required by Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. In that his federal application is untimely in either event, this Court need not determine whether petitioner's filing date was protected by submission of the deficient application or whether such an application should be considered "filed" only upon correction of the deficiency.

- 10 -

Although petitioner missed the AEDPA's filing deadline by only a few days, that fact does not justify equitable tolling. In <u>Lookingbill v. Cockrell</u>, 293 F.3d 256 (5th Cir. 2002), <u>cert. denied</u>, ___ U.S. ___, 123 S.Ct. 878, 154 L.Ed.2d 793 (2003), the United States Fifth Circuit Court of Appeals refused to equitably toll the statute of limitations on the basis that petitioner had filed only four days too late, holding:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

<u>Id</u>. at 264-65.

This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Don Poole **BE DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __7__ day of __April__, 2003.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**