UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
Eastern District of Louisiana
FILED APR 1 8 2003
LORETTA G. WHYTE
Clerk

DON POOLE                                   CIVIL ACTION NO: 02-2697

VERSUS                                      SECTION: "C"(3)

BURL CAIN, WARDEN                           DATE FILED:_____

                                            _____
                                            CLERK OF COURT

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PETITIONER'S OBJECTION TO THE MAGISTRATE'S JUDGE REPORT AND RECOMMENDATION

NOW INTO COURT COMES, Don Poole, pro se petitioner, who respectfully files his objection to the Magistrate judge's report and recommendation.

In the magistrate report and recommendation, Magistrate Judge Daniel Knowles recommended that petitioner's habeas corpus be dismissed with prejudice for petitioner's failure to timely filed his habeas corpus petition.

In denying petitioner, Magistrate Knowles was of the opinion that petitioner was (6) six days late in filing his habeas corpus petition. In calculating petitioner's days for habeas relief, the **magistrate judge stated that petitioner's federal time started to run on May 13, 1999 when his motion** for reconsideration was denied, and petitioner failed to timely filed a notice of appeal under **Art. 914(b)(2)**.

Thereafter, petitioner filed a motion for out of time appeal, and the Magistrate Judge treated petitioner's motion for out of time appeal as a "post conviction application" for tolling provisions.

It is petitioner's contentions that since the court stated that petitioner's direct appeal became final on May 13, 1999, pursuant to **28 U.S.C. § 2244(d)(1)(A)** his federal time started to run, if that

1

___Process_____
_X_Dktd_Caa_____
_X_CtRmDep_____
Doc. No._11_

is the case, then petitioner should have been afforded the (14) fourteen days authorized by **La.C.Cr.P. Art. 922(A)(B)**, which states:

A.   Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term or out, a party may apply to the appropriate court for a rehearing. The court may act upon the application at any time.
**B.   A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefore has been made.**

Since petitioner's should be afforded 14 days pursuant to **La.C.Cr.P. Art. 922(A)(B)**, his habeas corpus petition is timely filed.

Also, petitioner avers that "Equitable Tolling" should apply to his case because the (11) eleven days spent between May 13, 1999 thru May 25, 1999, the time in which the court deemed petitioner's federal time started to run pursuant U.S.C **28 § 224(d)(1)(A)** and the time in which petitioner filed his pro se motion for out of time appeal, petitioner's federal time should have been tolled because his attorney failed to file a notice of appeal. Petitioner has a Constitutional right to appeal, and that right can only be waived by the defendant himself. In the instant case, petitioner did not waive or consent to waive filing a notice of appeal. (See: **La. Const. Art. 1 § 19**) This fact is substantiated by petitioner filing a Pro-se motion for out of time appeal. Put another way, it was not petitioner's fault that he did not filed a notice of appeal within the five days as mandated by **La.C.Cr. P. Art. 914(B)(2)**, this impediment is attributed to his attorney.

If this court consider the facts alleged above, as the record supports petitioner's contentions, then petitioner's habeas corpus petition should be considered timely filed after being given credit for the 14 days for seeking rehearing or the 11 days that was lost when counsel failed to file a notice of appeal.

It was noted in "footnote 31" of the magistrate report and recommendation, that the United States Fifth Circuit Court of Appeals has not directly addressed the issue of when the Louisiana

2

Supreme Court's denial of an application for state post conviction relief is considered "final" for the purpose of calculating a tolling period in a federal habeas corpus proceedings.

Petitioner submits that this case present the perfect case in which a court should exercise it supervisory authority and give the defendant every benefit in the Interest Of Justice to have his habeas corpus petition reviewed by the court for failing to meet a filing deadline. Six days is in no way a prolonged filing delay, as if it's 6 months or more. If this circuit is not settled on when "final" is considered for habeas tolling, then it is also petitioner's contentions that he should be afforded the 14 days as authorized pursuant to La. C.Cr.P. Art. 922(A)(B), when his post conviction application was denied by the Louisiana Supreme Court on April 26,2002, meaning petitioner had an additional 14 days that should have been calculated to his federal time, thereby making his habeas corpus petition timely filed. It is also noted that the State (respondent) has not alleged that petitioner's appellate court filings were untimely, therefore, the State will not be prejudiced by allowing petitioner to proceed with his habeas petition.

After careful consideration of the petitioner's objection, it is urged that the Magistrate Judge Report and Recommendation not be adopted by this Honorable Court.

Respectfully Submitted By:

*Don Poole*

Don Poole #091502
Magnolia 4
Louisiana State Prison
Angola, La. 70712

## CERTIFICATE OF SERVICE

I, Don Poole, hereby certify that I have forwarded a copy of the above proceedings to the district attorney's office for Jefferson Parish, on this 15th day of April 2003.

*Don Poole*
Don Poole